**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN MUSOYANTS; LILIT AVAGYAN; ALEX MUSOYANTS, | No.    18-71461 |
| Petitioners, | Agency Nos.        A206-208-456 |
| | A206-208-457 |
| v. | A206-208-458 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2020**

Before:  SCHROEDER, HAWKINS, and GRABER, Circuit Judges.

Petitioners Karen Musoyants, along with his wife and child, are natives and

citizens of Armenia.  They petition for review of the decision of the Board of

Immigration Appeals (BIA) dismissing their appeal from the order of an

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge (IJ) denying their applications for asylum, withholding of removal, and Convention Against Torture (CAT) protection. Petitioners argue that the evidence compels the conclusion that lead Petitioner Musoyants was persecuted by police on account of his anti-corruption beliefs.

The BIA held that Musoyants had not experienced past harm rising to the level of persecution, and that, in the alternative, the persecution Musoyants experienced was not on account of his political opinion but to prevent exposure of the protection scheme police were operating with the mafia. Assuming that Musoyants was detained and beaten on account of his expressed political opinion, the evidence does not compel a finding of past persecution or of an objectively reasonable fear of future persecution. *See* 8 C.F.R. § 1208.13(b). The harm Musoyants experienced at the hands of the police was limited to one incident. He was detained by the police for 24 hours, during which time he was beaten seven or eight times, refused food, and given water into which prison guards spit. That conduct does not rise to the level of past persecution, as it was minimal in length, and Musoyants did not require medical treatment or experience any lasting injuries. *See Gu v. Gonzales,* 454 F.3d 1014, 1017–18 (9th Cir. 2006); *Lopez v. Ashcroft*, 366 F.3d 799, 803 (9th Cir. 2004). Although the severity of a beating is not dispositive, *Guo v. Sessions*, 897 F.3d 1208, 1215 (9th Cir. 2018), Musoyants did

2

not experience ongoing harassment. Musoyants received two letters from the court, but he did not know the content of the letters because they were never opened. And although Musoyants received a few threatening phone calls in the days after his release, the callers were unidentified. Moreover, neither Musoyants nor his family has had any further contact from the mafia or the police. Thus, Musoyants also did not establish an objectively reasonable fear of future persecution.

Denial of CAT protection is supported by substantial evidence because Petitioners did not demonstrate a likelihood of future torture. *See Robelto-Pastora v. Holder*, 591 F.3d 1051, 1058 (9th Cir. 2010). Although Petitioners provide country condition reports indicating that there is corruption in Armenia and that sometimes suspects are abused by police when they are in custody, Petitioners have failed to provide any evidence that the police would seek to arrest Musoyants if he returned to Armenia. Evidence of general corruption in Armenia lacks the requisite specificity to establish that Petitioners are entitled to CAT protection. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). The harm Musoyants suffered from the mafia and police did not rise to the level of torture. Thus, even if he were arrested, Musoyants has not provided evidence that he would be tortured.

**PETITION DENIED.**